IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 02-682 |
| KYLE GARVIN. : | |

**MEMORANDUM RE: MOTION FOR REDUCTION IN SENTENCE**

**Baylson, J.**                                                                                                           **March 4, 2009**

**I.      Background Facts and Procedural History**

A federal grand jury indicted Defendant on October 22, 2002 on four counts: (1) possession of a firearms in furtherance of a drug trafficking crime, in violation of 18 U.S. C. § 924(c); (2) possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (3) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  After a jury trial, Defendant was found guilty on all counts of the indictment on February 28, 2003.

At the sentencing hearing, this Court rejected the government's request for an enhancement based on obstruction of justice, finding the evidence supporting such an enhancement was conflicting and ultimately insufficient. (Hr'g Tr. Pg. 66).   The Court then sentenced Defendant to a term of 46 months imprisonment on Counts 2, 3, and 4, to be followed by a mandatory consecutive term of 60 months imprisonment on Count 1.  (Hr'g Tr. Pgs. 66-67). In determining the sentence for Counts 2, 3, and 4, the Court relied on the Presentence Investigation Report ("PSR"), which indicated that the base offense level for those Counts was

20, without the obstruction of justice enhancement.[1]  The PSR also determined that the Defendant had a criminal history category of III.  For a defendant with a base offense level of 20 and criminal history category of III, the United States Sentencing Guidelines (hereinafter "Guidelines") recommend a term of imprisonment between 41 and 51 months.  See U.S.S.G. Ch. 5, Part A Sentencing Table.  This Court ultimately imposed a term of imprisonment–46 months–in the middle of that range for Counts 2, 3, and 4.  (Hr'g Tr. Pgs. 66-67).

Defendant has now filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2).  That statute allows for the modification of a term of imprisonment after it has been imposed if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Defendant asserts that he is entitled to be resentenced under that statute because Amendments 706 and 711 to the Guidelines recently reduced the offense levels and suggested ranges in § 2D1.1 for cocaine base offenses, and Defendant was convicted of such an offense in Count 2.

## II.     Discussion

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . , the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] The original PSR assessed the base offense level at 24, including a two-point enhancement for obstruction of justice as well as another two-point enhancement because the firearm was stolen.  In a subsequent addendum to the PSR, the stolen firearm enhancement was withdrawn and all parties agreed at the hearing that the proper base offense level was 20 without any enhancements.  (Hr'g Tr. Pgs. 62-63).

Section 1B1.10 identifies the Amendments that may be retroactively applied pursuant to the authority granted in § 3582(c)(2). The Sentencing Commission added Amendments 706 and 711 to that list on December 11, 2007, effective March 3, 2008. As a result, prisoners sentenced pursuant to § 2D1.1 are entitled to request a reduction in their sentences under § 3582(c)(2).

However, for the Defendant to be entitled to a reduction, his sentence must be "based on" a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); see also United States v. Rios, 2009 WL 383750, at *2-3 (E.D. Pa. February 09, 2009) (explaining that a defendant sentenced as a career offender was not entitled to a reduction under § 3582(c)(2) because his sentence was based on the career offender guidelines, not on the amended drug offense levels in § 2D1.1). Here, Defendant's sentence was not based on the combined drug offenses in Counts 2 and 3; rather, the sentence was determined by the firearm offense in Count 4. Under § 2K2.1 of the Guidelines, that offense has a base offense level of 20, which served as the basis for the Court's sentence.

Under § 3D1.1 of the Guidelines, when a Defendant must be sentenced for multiple offenses, the Court must first determine if any of the counts should be grouped together pursuant to U.S.S.G. § 3D1.2. That section indicates that offenses should be grouped together for sentencing purposes in several situations, including if the offenses are closely related or if the offense is a specific offense characteristic in the guidelines applicable to the other counts. U.S.S.G. § 3D1.2(b)-(c). According to the PSR, Counts 2 and 3, the drug possession charges, were grouped together because they were similar, related offenses with a common scheme. Count 4 was also grouped with those offenses because possession of a firearm is a specific offense characteristic to drug possession charges under § 2D1.1(b)(1). In contrast, Count 1 was

specifically excluded from that group under § 3D1.1(b) because it has a statutory mandatory minimum sentence that must run consecutively to the sentence for the other offenses.

Once the counts are grouped together, U.S.S.G. § 3D1.3 instructs that the offense level of the most serious of the counts, i.e. the highest offense level, will determine the base offense level for the entire group. In this case, the PSR report indicated that the base offense level for the group was 20, derived from the base offense level for the firearm charge in Count 4. Although the report did not state specifically what the base offense level would have been for the drug charges alone, the use of the offense level for the firearm charge to determine the base offense level for the group suggests that the firearm offense was the most serious of the group. As such, any subsequent reduction to the offense levels for the drug counts would have no impact on the offense level chosen for the grouped offenses; the firearm offense level would still be higher than the reduced drug offense levels.[2]

Because the group base offense level is based on the offense with the highest offense level under § 3D1.3–in this case the firearm charge–the reduction in Amendments 706 and 711 for the drug offenses involving cocaine base would not have any effect on Defendant's ultimate sentence. "Essentially, had the lower Guidelines ranges for cocaine base offenses been in effect

---

[2]The Court's mere consideration of the offense level applicable to the drug offenses for comparison purposes under § 3D1.3 does not indicate that the Court's sentence was in any way based on the drug offenses. In Rios, the Court explained that the defendant's sentence was not necessarily based on § 2D1.1, simply because the Court was required to compare the sentence otherwise applicable under § 2D1.1 to the sentence applicable under the career offender section in order to determine which was higher and therefore applicable. 2009 WL 383750, at *3. This was particularly true when the Court ultimately applied the sentence suggested in the career offender section. Id. Similarly, the comparison here of the otherwise applicable offense levels for each count in order to determine the offense level that will represent the group offense level does not render the final sentence based on the drug offenses when the firearm offense level was ultimately applied.

when Defendant was originally sentenced, those ranges would not have impacted the actual sentence imposed by this Court." Rios, 2009 WL 383750, at *5. Thus, as Defendant's sentence was not "based on" a sentence that was subsequently lowered by an amendment, Defendant is not entitled to a reduction under § 3582(c)(2).

  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 02-682 |
| KYLE GARVIN. | : | |

**ORDER**

AND NOW, this 4th day of March 2009, after considering Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 102), this Court hereby ORDERS that Defendant's Motion is DENIED.

BY THE COURT:

/s/ Michael M. Bayslon
Michael M. Baylson

O:\Lauren\Crack Resentencing\USA v. Garvin.wpd